**The STATE of Ohio, Appellant,**

**v.**

**WILLIAMS, Appellee.**

[Cite as *State v. Williams* (1997), 119 Ohio App.3d 512.]

Court of Appeals of Ohio,
Eleventh District, Portage County.

No. 96–P–0237.

Decided May 19, 1997.

*Victor V. Vigluicci*, Portage County Prosecuting Attorney, and *Mark J. Hanna*, Assistant Prosecuting Attorney, for appellant.

*Kane, Sicuro & Simon* and *Ronald J. Kane*, for appellee.

CHRISTLEY, Judge.

This accelerated calendar appeal emanates from a decision by the Portage County Municipal Court, Kent Division, granting the pretrial motion of appellee, Mary Jo Williams, to suppress certain evidence.

On May 31, 1996, appellee was stopped for several minor traffic violations. Upon approaching her car and speaking with her, Officer Haury noticed a strong odor of alcohol on her and observed that her eyes were glassy and bloodshot. After having appellee get out of her car, he asked her to perform several field sobriety tests. She performed the tests poorly and was arrested for operating a motor vehicle under the influence of alcohol, in violation of R.C. 4511.19(A)(1), and for failure to reasonably control her vehicle, a minor misdemeanor in violation of R.C. 4511.202. Later, she agreed to submit to a breath test, which indicated a breath-alcohol content ("BAC") of .135 grams of alcohol per two hundred ten liters of breath. As a result, she was also charged with driving with a BAC greater than .10 grams, in violation of R.C. 4511.19(A)(3).

At her initial appearance on June 3, 1996, appellee entered a plea of not guilty to all three charges. On July 18, 1996, appellee filed a motion to dismiss both the R.C. 4511.19(A)(1) and (3) charges against her on the basis of double jeopardy. However, this motion was overruled by the trial court on July 23, 1996, on the basis that an administrative license suspension had not been imposed against appellee.

On August 5, 1996, appellee filed a motion to dismiss and/or suppress the two charges under R.C. 4511.19, challenging whether there was reasonable cause to stop her, whether there was probable cause to arrest her, and the procedures used in administering the breath test. A hearing was held on appellee's motion on August 13, 1996, at which both appellee and the state stipulated that the calibration solution used to calibrate the breath tester was from Batch No. 95080, one of the calibration solutions included in a memorandum written by the former Director of the Alcohol Testing Program for the Department of Health, Leonard Porter, on January 29, 1996. That memorandum pertained to the calibration formula's need to be adjusted to increase its accuracy, and it included a list of the affected batches with new target concentrations and ranges. Subsequently, the Department of Health repudiated Porter's findings, stating that he had been wrong and that the solutions were reliable as originally stated in the solution affidavit from the Department of Health.[1]

On September 4, 1996, the court granted appellee's motion to suppress evidence with regard to her BAC charge under R.C. 4511.19(A)(3), but overruled her motion to suppress evidence pertaining to the charge of driving under the influence of alcohol under R.C. 4511.19(A)(1), finding that the police had reasonable cause to stop her and probable cause to arrest her.

---

1. Neither party included a copy of Porter's memorandum or the Department of Health's repudiation in the record. The statements made in this opinion with regard to the memorandum are thus gleaned from both parties' briefs and this court's knowledge of the memorandum as predicated on previous opinions.

The state timely filed the instant appeal, pursuant to Crim.R. 12(J) and R.C. 2945.67, arguing:

"The trial court abused its discretion in granting the appellee's motion to suppress her BAC test result." [2]

■ The state failed to provide a transcript of the evidentiary hearing on the motion to suppress. Usually, an appellant must provide a reviewing court with a transcript of the proceedings in the trial court in order to demonstrate its claimed error. App.R. 9. Failure to do so normally necessitates a presumption that the judgment and proceedings in the trial court were valid. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 15 O.O.3d 218, 400 N.E.2d 384.

■ However, in the instant matter, the transcript of the suppression hearing is not necessary in order to demonstrate the state's claimed error because it is clear from the trial court's judgment entry that it did not rely upon any evidence presented at that hearing in granting appellee's motion to suppress the breath test results. Rather, the trial court explicitly stated that its decision to grant the motion with regard to the BAC charge was based upon decisions rendered by other trial courts outside this district and Porter's memorandum. The only factual findings made by the court were based on evidence presented at the hearing with regard to appellee's claim that the officers did not have reasonable cause to stop her or probable cause to arrest her. Those issues were not appealed. Thus, the trial court's denial of appellee's motion to suppress with regard to the charge of driving under the influence is not at issue in this appeal, and no transcript is necessary.

■ In its assignment of error, the state argues that the trial court erred in granting appellee's motion to suppress the results of the breath test simply because of use of a calibration solution from the batches of calibration solution criticized by Porter. A motion to suppress is the proper way to challenge the results of a breath test when a defendant is charged with a violation of R.C. 4511.19(A)(3). *Defiance v. Kretz* (1991), 60 Ohio St.3d 1, 573 N.E.2d 32; *State v. Smoot* (1991), 75 Ohio App.3d 702, 600 N.E.2d 772. Admissibility of the results of a breath test depends upon whether there has been substantial compliance with the requirements promulgated by the Department of Health. *Id.* at 705, 600 N.E.2d at 774. At the hearing on her motion to suppress, appellee challenged the procedures used in administering her BAC test. Specifically, she challenged

---

2. Although appellee alludes to the fact that the state did not perfect its appeal pursuant to Crim.R. 12(J), this court held on January 3, 1997, that the appeal was properly perfected. Upon further review for purposes of this opinion, we again find appellee's contention that the appeal was not properly perfected to be without merit.

whether the calibration of the instrument had been properly checked before and after her test in light of Porter's memorandum.

An abuse of discretion "connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 173, 404 N.E.2d 144, 149. See, also, *State v. Montgomery* (1991), 61 Ohio St.3d 410, 413, 575 N.E.2d 167, 170–171. The trial court stated that in granting appellee's motion, it considered the fact that the batch of calibration solution used in administering appellee's test was on Porter's list. It also considered the fact that other courts across the state have rejected BAC tests resulting from batches listed in the memorandum.

A trial court is free to rely upon the *logic* of courts outside its appellate district in rendering a decision. However, other such decisions are merely persuasive and do not constitute binding authority. Although technically not judicial notice, the trial court accepted the factual findings of other courts outside its appellate district. A trial court can only take note of its own factual findings based on the evidence before the court until appropriate precedent has been established within its own district or by the Supreme Court of Ohio. Otherwise, such factual findings are insufficient as a matter of law.

This court has subsequently addressed the merits of Porter's memorandum. *State v. Mouser* (Feb. 14, 1997), Geauga App. No. 96–G–1992, unreported, 1997 WL 123763.[3] Accordingly, we reject both the state's and appellee's arguments, as they are based on Porter's authority to issue the memorandum. *Id.* In *Mouser*, this court specifically held that Porter's memorandum was essentially "a recommendation that the mathematical calibration formula be adjusted prospectively to further narrow the range of variation in connection with the calibration of the machines used in such exercises so as to increase modestly the percentage of probability accuracy." *Id.* at 2.

Further, we held that the present variation resulting under the then-existing mathematical formula did not have any substantive effect on a given test result.

"We do not translate this language to mean that the present equipment, application formula, and batch solution employed have resulted in invalid testing results, or that the range variations are beyond acceptable probability levels. Additionally, we find nothing in this material which suggests that a vial from the solution batch referenced here was not proper nor that the equipment was not properly calibrated for the test in this given case." *Id.* at 2.

---

3. Although *Mouser* was based on a motion to withdraw a no contest plea, its holding is nevertheless applicable to the instant set of facts.

The sole reason stated by the trial court for granting appellee's motion to suppress was that the decisions from other districts essentially found that a *per se* suppression was required. Based on *Mouser,* and the fact that the evidence before the court was insufficient as a matter of law, the trial court erred in granting appellee's motion to suppress.

Accordingly, the state's sole assignment of error has merit, and the judgment of the trial court is reversed. This case is hereby remanded to the trial court for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

FORD, P.J., and NADER, J., concur.