OPINION
Plaintiffs-Appellants, John and Christine Harmon ("Appellants"), appeal from a judgment entered by the Union County Common Pleas Court, wherein the court found that Appellants' claims were barred by res judicata, granted summary judgment in favor of Defendant-Appellee, Mike Adams ("Appellee"), and imposed sanctions against Appellants and their counsel for frivolous litigation pursuant to Civ.R. 11 and R.C. 2323.51.
Appellants maintain that their action is not barred by res judicata
because their continuing nuisance claim does not arise out of the same transaction or occurrence as their prior unsuccessful nuisance claim and seeks only to recover damages incurred since the date of the previous action. Because R.C. 929.04 provided a complete defense to identical conduct in Appellants' prior action and is equivalent to a determination that such conduct does not constitute a nuisance as a matter of law, Appellants' instant claims are barred by res judicata. Appellants also argue that the trial court erred in imposing sanctions pursuant to Civ.R. 11 and R.C. 2323.51, asserting that their claims present an arguable extension and application of cited authority. Though Appellants failed to understand the effect and consequences of the exemptions provided by R.C. 929.04, we cannot say that there were no legitimate arguments of law supporting Appellants' action or their contention thatres judicata did not bar their claims. Therefore, we find that the trial court erred in imposing sanctions.
Pertinent facts and procedural history relevant to issues raised on appeal are as follows. Appellants own a residence located in close proximity to a hog facility owned and operated by Appellee. On December 14, 1999, Appellants filed the first of two complaints alleging that the facility was negligently constructed and operated and that noise and odors emanating from the facility constituted a nuisance. Appellee responded to the first complaint asserting that R.C. 929.04 provided a complete defense against such claims. Appellants moved to strike the defense, arguing that R.C. 929.04 violated state and federal constitutional rights. The trial court denied the motion and granted summary judgment in favor of Appellee. Appellants appealed the determination.[1]
On appeal, Appellants reasserted their constitutional challenge against R.C. 929.04, but did not contest the court's substantive application of the statute. Upon review, we upheld the trial court's determination, finding that the Appellants had failed to satisfy jurisdictional prerequisites for constitutional challenges under R.C. 2721.12.[2]
On June 6, 2001, Appellants filed the immediate action against Appellee asserting essentially identical claims of negligence and nuisance. Appellants incorporated into their second complaint the previously unperfected constitutional challenge and served notice upon Ohio's Attorney General by certified mail. Appellee moved for summary judgment on the basis of res judicata and, contending that the action constituted frivolous conduct, requested that the trial court impose sanctions against Appellants.
After a hearing on the matter, the trial court found that Appellants' claims were barred by res judicata, granted summary judgment in favor of Appellee, and imposed sanctions upon the Appellants and their counsel, awarding Appellee $1,771.00. Upon satisfaction of the sanction award, the court dismissed Appellants' claims with prejudice. The instant appeal followed.
Appellants present three assignments of error for our consideration. Because we find the resolution of Appellants' first assignment of error to be dispositive of their third assignment of error, we do not reach the merits of the issues presented therein.
 Assignment of Error Number One The trial court erred in granting Appellee's motion for summary judgment asserting the doctrine of res judicata because claim preclusion is inapplicable to a claim involving acts of a continuing nuisance occurring subsequent to the resolution of a prior suit and issue preclusion is inapplicable to issues that were not "actually litigated" on the merits in a previous action.
 Assignment of Error Number Three The trial court erred in denying Appellants' motion for summary judgment to declare unconstitutional R.C. 929.04 that creates a "complete defense" to nuisances caused by agricultural activities in agricultural districts because the statutory immunity created denies compensation for the taking of protected property interests and thereby violates the 5th and 14th Amendments to the United States Constitution and the Section 19 of Article I of the Constitution of the State of Ohio.
For their first assignment of error, Appellants argue that their continuing nuisance claim is a separate cause of action to which resjudicata and collateral estoppel are inapplicable.
The doctrine of res judicata "is based on the principles that parties ought not be permitted to litigate the same issues more than once, that litigation must not be interminable, that the judgment ought to be the end of the litigation, that circuity of actions should yield to the repose of litigation, and that a multiplicity of actions is not favored. Without this fundamental doctrine, the proper enforcement of law would be quite impossible, as it would unsettle all the determinations of law and open an endless avenue to contention and vexation."[3]
Under the doctrine of res judicata, "[a] final, binding judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."[4] Whether the original claim explored all possible theories of recovery is not relevant, as the doctrine requires a plaintiff to present every ground for relief in the first action or be forever barred from asserting it.[5] "[A] party must make good his cause of action or establish his defenses by all the proper means within his control, and if he fails in that respect, purposely or negligently, he will not afterward be permitted to deny the correctness of the determination, nor to relitigate the same matters between the same parties."[6] An existing final judgment or decree between the parties is conclusive as to all claims that were or might have been litigated in a prior action.[7]
Appellants argue that their continuing nuisance claim is not a subsequent action based upon a claim arising out of the same transaction or occurrences as their prior action, but is, instead, a separate cause of action predicated upon wholly unrelated nuisance claims arising subsequent to the previous action. Appellants cite the Ohio Supreme Court's pronouncements in Valley Railway Company v. Franz[8] and LittleMiami Railroad Company v. Commissioners of Green County[9] for the proposition that "[e]very continuance of a nuisance is, in the judgment of law, a fresh nuisance[;]"[10] that "such force creating a nuisance, if so continued, * * * may be regarded as a continuing trespass or nuisance; and each additional damage thereby caused * * * is an additional cause of action[.]"[11] To buttress their argument, Appellants cite to Comment h to Section 26 of the Restatement of Law 2d on Judgments, which provides, in part:
 Nuisance-plaintiff's option to treat as "temporary" or "permanent." * * *
 * * * [T]he Restatement, Second, Torts § 930(1) and Comment b thereon, supported by some authority, would allow the plaintiff an option in cases of "continuing or recurrent tortious invasions." The plaintiff may elect, at least in doubtful cases, to treat the nuisance as temporary and sue from time to time for damages sustained in the period next preceding the institution of suit without fear of splitting. On the other hand the plaintiff may elect to sue for total damages alleging that the nuisance will probably continue for the indefinite future. * * *[12]
Appellants argument, however, assumes and is dependent upon the determination that the activity complained of constitutes a nuisance. An activity which has been found per legislative determination or entry of judgment not to constitute a nuisance as a matter of law cannot become a nuisance merely by virtue of the passage of time: otherwise, claimants could bring successive nuisance actions after repeated determinations that the conduct at issue is not a nuisance.[13] Therefore, we must ascertain whether the judgment in the original action was tantamount to a determination that the activities complained of do not constitute a nuisance as a matter of law.
As mentioned above, Appellee moved for summary judgment in the original action claiming that he was entitled to the immunities and defenses provided by R.C. 929.04. R.C. 929.04 provides, in pertinent part:
 (A) In a civil action for nuisances involving agricultural activities, it is a complete defense if:
 (B) The agricultural activities were conducted within an agricultural district;
 (C) Agricultural activities were established within the agricultural district prior to the plaintiff's activities or interest on which the action is based;
 (D) The plaintiff was not involved in agricultural production; and
 The agricultural activities were not in conflict with federal, state, and local laws and rules relating to the alleged nuisance or were conducted in accordance with generally accepted agriculture practices.
The trial court, noting that Appellants failed to produce evidence refuting the applicability of R.C. 929.04, granted Appellee's motion for summary judgment.
R.C. 929.04 extends broad exemptions from civil nuisance suits to entities engaged in agricultural activities. The extension of this complete defense to qualified entities is essentially a legislative determination that conduct falling within the purview of the statute, regardless of its frequency or intensity, is not a nuisance as a matter of law. Consequently, the trial court's determination in the original action that the statutory prerequisites of R.C. 929.04 had been satisfied is equivalent to a finding that the activities complained of do not constitute a nuisance as a matter of law. As mentioned previously, these activities cannot become a nuisance merely by virtue of the passage of time or support an action for continuing nuisance predicated upon identical conduct. This final judgment rendered upon the merits is conclusive to all claims that were or might have been litigated in the prior action: the fact that Appellants failed to satisfy the jurisdictional prerequisites to their constitutional challenge does not permit them to deny the correctness of the determination, nor to relitigate the same matters or any matters which could have properly been litigated between the parties in that action. Therefore, Appellants' claims in the instant action are precluded under the doctrine of resjudicata.
Accordingly, Appellants' first assignment of error is overruled.
 Assignment of Error Number Two The trial court erred imposing sanctions upon Appellants because their complaint was not barred by res judicata, was warranted by existing law and based upon good grounds, and restitution of the amount of sanctions erroneously ordered by the trial court is required.
In their second assignment of error, Appellants assert that the trial court erred in finding that they engaged in frivolous conduct in violation of Civ.R. 11 and R.C. 2323.51. Appellants maintain that their complaint presents a legitimate argument for the application or extension of existing law.
In the instant action, Appellee moved the trial court for summary judgment based upon its disposition of Appellants' previous action and requested that the court impose sanctions upon Appellants and their counsel, asserting that the filing of the complaint constituted vexatious and frivolous conduct. Having reviewed the motions and heard the parties on oral argument at an April 14, 2001 hearing, the trial court summarily granted the motion for sanctions, stating:
 Fourth, this court finds that under Civ.R. 11 and Ohio Revised Code Section 2323.51 sanctions against Plaintiffs and their counsel are appropriate. Therefore, Defendant's request for sanctions is GRANTED. This court awards sanctions against Plaintiffs and their counsel in the amount of One Thousand Seven Hundred and Seventy One Dollars ($1,771.00).
Civ.R. 11, provides:
 Every pleading, motion, or other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address and attorney registration number, if any, shall be stated. * * * The signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. * * * For a willful violation of this rule an attorney or pro se party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule. * * *
This rule has been interpreted as applicable only to the party signing the document.[14]
In addition, R.C. 2323.51 sets forth the statutory definition and ramifications for committing frivolous conduct in civil and criminal matters. "Conduct," as defined in R.C. 2323.51(A)(1), includes:
 (a) The filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, filing a pleading, motion, or other paper in a civil action, including, but not limited to, a motion or paper filed for discovery purposes, or the taking of any other action in connection with a civil action.
R.C. 2323.51(A)(2) expounds upon this definition, providing that "frivolous conduct" in a civil action or appeal is conduct that satisfies either of the following:
 (i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal.
 (ii) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.
Concomitantly, a frivolous claim is one that is not supported by facts in which the complainant has a good-faith belief and is not grounded in any legitimate theory of law or argument for future modification of the law.[15]
When a court awards attorney fees pursuant to R.C. 2323.51, a hearing must be held "to determine whether particular conduct was frivolous, to determine, if the conduct was frivolous, whether any party was adversely affected by it, and to determine, if an award is to be made, the amount of that award [.]"[16] R.C. 2323.51(B)(4) provides the trial court discretion to levy any sanction determined to be appropriate against "a party, the party's counsel of record, or both."
The initial decision of whether a party's conduct is frivolous is a factual determination, particularly if the alleged conduct was intended to harass or maliciously injure.[17] Because the trial judge has the benefit of observing the course of proceedings and is familiar with the parties and attorneys involved, a reviewing court is obligated to defer to the trial court's findings that one party harassed or injured another.[18] Therefore, appellate courts review decisions to impose sanctions and upon whom to impose such sanctions under an abuse of discretion standard.[19] An abuse of discretion implies an attitude of the trial court that is unreasonable, arbitrary, or unconscionable.[20]
"A decision is unreasonable if there is no sound reasoning process that would support that decision."[21] However, a trial court's determination of whether a party has a good-faith argument under the law is a question of law, which must be reviewed de novo.[22]
Upon a review of the record, we find that Appellants failed to include, pursuant to App.R. 9, a transcript of the April 14, 2001 hearing or an acceptable alternative as a part of this appeal. When a party seeks an appeal, the appellant bears the burden of demonstrating error by reference to the record of the proceedings below, and it is an appellant's duty to provide the reviewing court with necessary transcripts or an acceptable alternative.[23] "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings and affirm."[24]
App.R. 9 does not, however, provide a per se rule that transcripts of all proceedings be ordered for appellate review: appellants need only provide those portions of the record "necessary for resolution of assignederrors."[25] A transcript may not be required where no evidence was presented at a hearing or the trial court's entry indicates that it did not rely upon evidence presented at a hearing for its determination.[26]
Moreover, where, as here, the facts are undisputed and the issue remaining for review, i.e., whether Appellants' claims are grounded in a legitimate theory of law, is a question of law, a transcript is not required for proper evaluation and resolution of the assigned error.[27]
Therefore, we proceed to determine whether Appellants' action is warranted under existing law or supported by a good faith argument for an extension, modification, or reversal of existing law.
As mentioned previously, Appellants argue that their complaint is not a subsequent action based upon a claim arising out of the occurrence forming the subject matter of the previous action, but was instead, a claim of continuing nuisance, which is "in the judgment of law, a fresh nuisance" giving rise to a separate additional cause of action.[28]
Though Appellants failed to appreciate the effect and consequences of the exemptions provided by R.C. 929.04, their cause of action and contention that their claims were not barred by res judicata are supported by an arguable extension and application of cited authority. Therefore, we find that the trial court erred in imposing sanctions in this instance.
Accordingly, Appellants' second assignment of error is sustained.
Having found error prejudicial to the Appellants herein, in the particulars assigned and argued, the judgment of the trial court is hereby reversed insofar as it relates to the imposition of sanctions under Civ.R. 11 and R.C. 2323.51, and the matter is remanded for further proceedings in accordance with this opinion.
Judgment affirmed in part, reversed in part and cause remanded.
BRYANT, J., concurs.
SHAW, P.J., concurs in judgment only.
[1] Harmon v. Adams (Feb. 16, 2001), Union App. No. 14-2000-33, unreported.
[2] Id., citing Cicco v. Stockmaster (2000), 89 Ohio St.3d 95;George Shima Buick, Inc. v. Ferencak (2001), 91 Ohio St.3d 1211.
[3] Harris v. Kyle (Dec. 12, 1988), Holmes App. No. 388, unreported, quoting 63 Ohio Jurisprudence 3d (1985), Judgments, Section 401.
[4] Brown v. Dayton (2000), 89 Ohio St.3d 245, 248, quoting Grava v.Parkman Twp. (1995), 73 Ohio St.3d 379, paragraph one of the syllabus.
[5] Brown, at 248, citing Nat'l. Amusements, Inc. v. Springdale
(1990), 53 Ohio St.3d 60, 62.
[6] Johnson's Island, Inc. v. Bd. of Trustees of Danbury Twp. (1982),69 Ohio St.2d 241, 244, quoting Covington Cincinnati Bridge Co. v.Sargent (1875), 27 Ohio St. 233, syllabus at paragraph one.
[7] Nat'l. Amusements, Inc., 53 Ohio St.3d at 62.
[8] Valley Ry. Co. v. Franz (1885), 43 Ohio St. 623.
[9] Little Miami RR Co. v. Commissioners of Greene County (1877),31 Ohio St. 338.
[10] Id. at 350.
[11] Franz, 43 Ohio St. at 627.
[12] Restatement of the Law 2d, Judgments (1982) 241-242, Section 26, Comment h.
[13] Barth v. Town of Sanford (D.Me. Nov. 5, 2001), No. 01-208-P-C, unreported.
[14] Burrell v. Kassicieh (1998), 128 Ohio App.3d 226, 230, appeal not allowed by 83 Ohio St.3d 1463.
[15] Id., citing Jones v. Billingham (1995), 105 Ohio App.3d 8,12. See, also Mason v. Meyers (2000), 140 Ohio App.3d 474, 478.
[16] R.C. 2323.51(B)(2)(a).
[17] Burrell, 128 Ohio App.3d at 230, citing Ceol v. Zion Indus., Inc. (1992), 81 Ohio App.3d 286, 291.
[18] Burrell, 128 Ohio App.3d at 230; Mason,140 Ohio App.3d at 477-478.
[19] Id.
[20] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
[21] AAAA Enterprises, Inc. v. River Place Community UrbanRedevelopment Corp. (1990), 50 Ohio St.3d 157, 161.
[22] Burrell, 128 Ohio App.3d at 230, citing Lable Co. v. Flowers
(1995), 104 Ohio App.3d 227, 233.
[23] DeCato v. Goughnour (2000), 136 Ohio App.3d 795, 799; Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
[24] Knapp, 61 Ohio St.2d at 199.
[25] Id. (emphasis added).
[26] Garcia v. Wayne Homes, LLC (April 19, 2002), Clark App. No. 2001CA53, unreported, citing Remlinger Oldsmobile Cadillac, Inc. v.Performance West Group (Dec. 29, 2000), Stark App. No. 2000CA00154, unreported; State v. Williams (1997), 119 Ohio App.3d 512, 516.
[27] Garcia, supra.
[28] Little Miami RR Co., 31 Ohio St. at 350; Restatement of the Law 2d, Judgments (1982) 196, Section 26.