DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas which granted summary judgment to plaintiffs-appellees, Robert and Patricia Maurer, and thereby declared that the Center Township Zoning Resolution was void in toto. As a result, the court necessarily reversed defendants-appellants' denial of the Maurers' zoning change request. Defendants-appellants, Center Township and Center Township trustees, James Dunipace, Shad Ridenour and Roger Sarver, now challenge that judgment on appeal, raising the following assignment of error:
 {¶ 2} "The trial court clearly erred in granting summary judgment based upon an alleged failure to file an affirmative defense given plaintiffs never presented the claim concerned with the issue and the case upon which the ruling was premised had not even been released when the initial pleadings were filed by the parties."
 {¶ 3} The Maurers own a 25 acre parcel of land located in Center Township, Wood County, Ohio. In February 1999, the Maurers filed a request to have the parcel rezoned from its agricultural A-1 classification to a residential R-2 classification. Ultimately, the rezoning request was denied. Thereafter, on May 25, 1999, the Maurers filed a complaint in declaratory judgment in the Wood County Court of Common Pleas against appellants and Betty Montgomery, the Attorney General of the state of Ohio[1]. In their first claim for relief, the Maurers sought a declaration that appellants' denial of their rezoning request was unconstitutional, illegal, arbitrary, capricious, discriminatory, unreasonable and/or unsupported by the preponderance of substantial, reliable and probative evidence. In particular, the Maurers asserted that the denial of their rezoning request denied them of their property without due process and constituted a taking without due process or just compensation. In their second claim for relief, the Maurers sought damages for the loss of use of their property and other consequential damages, including attorney fees. Finally, the Maurers requested that appellants be ordered to approve their rezoning request.
 {¶ 4} On July 23, 1999, appellants filed an answer, affirmative defenses and a counterclaim to the Maurers' complaint. The affirmative defenses raised by appellants were that the Maurers' complaint failed to state a claim upon which relief could be granted, that the Maurers' claims were barred by the doctrine of political subdivision immunity, that the claims against Roger Sarver individually were barred by the doctrines of absolute immunity and qualified immunity, that the Maurers had failed to exhaust their administrative remedies, that the Maurers had failed to satisfy the terms and conditions required of them for the passage of a rezoning request and that pursuant to R.C. 2323.51 and/orMaurer v. Plain Twp. (Oct. 23, 1998), Wood App. No. WD-97-119, the Maurers' complaint was frivolous. In their counterclaim, appellants asserted that the denial of the Maurers' rezoning request was made pursuant to the Center Township Zoning Resolution and the trustees' concerns for the health, safety and welfare of the Center Township residents. Appellants therefore sought a declaration that the rejection of the rezoning request was appropriate under the circumstances and that appellants were entitled to an award of attorneys fees and expenses for having to litigate the matter.
 {¶ 5} On October 18, 1999, the Maurers filed a motion for summary judgment in which they argued that they were entitled to judgment as a matter of law based on the decision of Judge Robert Wilson in CenterTwp. Bd. of Twp. Trustees v. Valentine (Oct. 13, 1999), Wood Cty. C.P. Ct. No. 97-CV-534 (Valentine I). In Valentine I, the court held in pertinent part that the entire Center Township Zoning Resolution was void ab initio and unenforceable because of egregious errors in the manner in which the zoning ordinance was originally passed. The court further concluded that Article VIII of the Center Township Zoning Resolution was in conflict with R.C. Chapter 3714 in that the ordinance prohibited what the general law permits. The court therefore also held that Article VIII of the Center Township Zoning Ordinance was void and unenforceable as against Valentine. Center Township subsequently appealed the trial court's judgment in Valentine I to this court. As a result of that appeal, the trial court in the present case stayed the proceedings pending a decision by this court in Valentine.
 {¶ 6} In a decision and judgment entry of November 9, 2000, we affirmed the trial court's judgment in Valentine I. Center Twp. Bd. ofTwp. Trustees v. Valentine (Nov. 9, 2000), Wood App. No. WD-99-065 (Valentine II). In reaching that decision, however, we only addressed the merits of Center Township's assignment of error which challenged the trial court's ruling that Article VIII of the zoning resolution was in conflict with the general laws of the state of Ohio. Finding that Article VIII of the zoning resolution was indeed in conflict with the general laws of Ohio, we concluded that the trial court did not err in finding that the Center Township Zoning Resolution was void and unenforceable against Valentine. In light of this ruling, we found the remaining assignments of error moot, including that which challenged the trial court's ruling that the Center Township Zoning Resolution was void in toto.
 {¶ 7} Subsequently, the Maurers filed a motion in the court below to reactivate the present case and to reinstate their previously filed motion for summary judgment. Thereafter, appellants filed a memorandum in opposition to the Maurers' summary judgment motion and filed their own summary judgment motion. Both parties argued the effect of the trial and appellate court decisions in Valentine in support of their positions. Appellants asserted that in Valentine II, we only found part of the zoning ordinance void as against Valentine pursuant to the general laws concept and, therefore, necessarily found that the zoning ordinance itself was valid. Appellants further asserted that the trial court decision inValentine I was only binding on the parties to that case and was not binding on the court in the present case. In contrast, the Maurers argued that because we affirmed the trial court's decision in ValentineII and held that the trial court did not commit error prejudicial to the township, we necessarily affirmed the trial court's decision that the zoning ordinance was void in toto.
 {¶ 8} On November 9, 2001, the trial court filed a decision and judgment entry granting the Maurers' motion for summary judgment and denying appellants' motion. Initially, the court addressed appellants' argument that pursuant to R.C. 519.122 the Maurers could no longer challenge the zoning resolution on the basis of procedural irregularities. R.C. 519.122 creates a two-year statute of limitations on challenges to procedural defects in the adoption of a zoning resolution. In rejecting appellants' claim, the trial court stated: "Civ.R. 8(C) requires a party to set forth an affirmative defense in a pleading. An affirmative defense also may be raised in a Civ.R. 12(B) motion if no responsive pleading has been filed. A party also may seek to amend its responsive pleading under Civ.R. 15 to raise an affirmative defense. If the party fails to raise its affirmative defense by use of any of these methods, he or she will waive that defense. Mills v.Whitehouse Trucking Co. (1974), 40 Ohio St.2d 22, syllabus; Spence v.Liberty Twp. Trustees (1996), 109 Ohio App.3d 357. A review of defendants' answer to the complaint reveals that Center Township did not include in its answer the statute of limitations affirmative defense, nor has Center Township asked this Court for leave to amend its answer to include such a defense. Therefore, Defendants have waived the R.C. 519.122
statute of limitations affirmative defense." The trial court then granted the Maurers' motion for summary judgment in light of the holding in Valentine I, i.e., that the Center Township Zoning Resolution was void in toto. Appellants now appeal that ruling.
 {¶ 9} Appellants first challenge the trial court's conclusion that because they failed to raise the statute of limitations affirmative defense set forth in R.C. 519.122, the Maurers could still assert that the Center Township Zoning Resolution was void for procedural irregularities in its creation.
 {¶ 10} R.C. 519.122 reads: "No action challenging the validity of a zoning resolution or of any amendment to such a resolution because of a procedural error in the adoption of the resolution or amendment shall be brought more than two years after the adoption of the resolution or amendment." Accordingly, this statute sets forth a two year statute of limitations for challenging the validity of a zoning resolution or amendment on the basis of procedural errors in the adoption of the resolution or amendment. That statute, however, became effective April 13, 1990 and does not specifically provide that it can be applied retroactively. R.C. 1.48 states that "[a] statute is presumed to be prospective in its operation unless expressly made retrospective." R.C.519.122, therefore, cannot be applied retroactively to challenge the validity of zoning resolutions passed prior to April 13, 1990.Williamson v. McKean Twp. Bd. of Zoning Appeals (Dec. 23, 1991), Licking App. No. CA-3650; Crates v. Garlock Bros. Constr. (Oct. 31, 1991), Hancock App. No. 5-91-8. The zoning resolution at issue in the proceedings below was originally promulgated in 1966. Accordingly, the statute of limitations set forth in R.C. 519.122 did not limit the Maurers' right to challenge the resolution for procedural errors in its passage and the affirmative defense provided by R.C. 519.122 was not available to appellants. As such, the trial court erred in concluding that appellants had failed to raise the affirmative defense, but that error was harmless given the inapplicability of the statute of limitations to this case.
 {¶ 11} The aforementioned notwithstanding, the record is clear that in the proceedings below, the Maurers did not challenge the validity of the Center Township Zoning Resolution on the basis of procedural errors in its passage. Rather, they challenged the resolution on the basis of the Wood County Court of Common Pleas decision in Valentine I
and our decision in Valentine II, which brings us to the primary issue in this case. Appellants assert that the trial court erred in its interpretation and application of the Valentine cases.
 {¶ 12} In our ruling in Valentine II, we concluded that Article VIII of the Center Township Zoning Resolution was in conflict with R.C.3714.06(A) and, as such, was void and unenforceable against Valentine. We then stated: "Having found that the trial court did not err in finding that the Center Township Zoning resolution [sic] is void and unenforceable against Valentine, we find the remaining assignments of error are moot. Having found that the trial court did not commit error prejudicial to the Township, the judgment of the Wood County Court of Common Pleas is affirmed." The parties' arguments require that we explain the effect of this language.
 {¶ 13} Ohio courts have previously recognized that an issue is moot "`* * * when it is purely academic or abstract and any judgment which might be rendered thereon would in no way avail or be beneficial to any of the parties.'" In re Bartlett (1958), 108 Ohio App. 93, 98-99, quoting The Artists and Writers Assn. v. Ohio Dept. of Liquor Control
(1953), 96 Ohio App. 121. Accordingly, the effect of our affirmance of the trial court's decision in Valentine II was simply to affirm the court's ruling that Article VIII of the zoning resolution was invalid. The remaining issues were deemed no longer in controversy.
 {¶ 14} In granting the Maurers summary judgment, the trial court in the present case relied entirely on the trial court's judgment inValentine I that the Center Township Zoning Resolution was void in toto. That reliance, however, was misplaced. Assuming arguendo that the trial court's judgment in Valentine I, that the zoning ordinance was void in toto, survived our ruling in Valentine II, the trial court in the present case essentially took judicial notice of the proceedings in Valentine I
to grant the Maurers summary judgment. In Valentine I, the court held a trial and took evidence on the issues before it, including whether the Center Township Zoning Resolution was improperly promulgated in 1966. Based on this evidence, the court concluded that the resolution was improperly promulgated and was therefore void ab initio. Accordingly, by adopting the reasoning in Valentine I to grant the Maurers summary judgment, the trial court in the proceedings below necessarily found the Center Township Zoning Resolution void based on facts that were presented to the court in Valentine I. It is well-established that a court "may not take judicial notice of proceedings in other cases even if such cases were between the same parties and before the same court." In the matterof: Charles and Corey M. and Willie W. (Dec. 18, 1992), Lucas App. No. L-92-090; see, also, Diversified Mortgage Investors, Inc. v. Bd. ofRevision (1982), 7 Ohio App.3d 157. More particularly, "[a] trial court can only take note of its own factual findings based on the evidence before the court until appropriate precedent has been established within its own [appellate] district or by the Supreme Court of Ohio." State v.Williams (1997), 119 Ohio App.3d 512, 516. A decision by a trial court in the same district is not "appropriate precedent." S.Ct.R.Rep.Op. 2(G)(1).
 {¶ 15} In reviewing a ruling on a summary judgment motion, this court must apply the same standard as the trial court. Lorain Natl. Bankv. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). In the proceedings below, there were no properly submitted facts to support the trial court's conclusion that the Center Township Zoning Resolution was void ab initio. Similarly, there was no controlling precedent that the ordinance was void ab initio. Accordingly, the trial court erred in granting the Maurers summary judgment.
 {¶ 16} Appellants' sole assignment of error is therefore well-taken.
 {¶ 17} On consideration whereof, the court finds that substantial justice has not been done the parties complaining and the judgment of the Wood County Court of Common Pleas is reversed. This case is remanded for further proceedings consistent with this decision. Court costs of this appeal are assessed to appellees.
JUDGMENT REVERSED.
Peter M. Handwork, J., Richard W. Knepper, J., and Mark L.Pietrykowski, P.J., CONCUR.
[1] Montgomery was subsequently dismissed from the case.